UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN KEITH FOSTER,

    Petitioner,

                                              Case No. 1:04-cv-91

v

                                              Hon. Wendell A. Miles

TERRY SHERMAN,

    Respondent.

_____/

ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

On October 6, 2006, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R & R") recommending that Brian Keith Foster's petition for writ of habeas corpus be denied. Petitioner has filed timely objections to the R & R. The court, having reviewed the R & R filed by the United States Magistrate Judge in this action, petitioner's objections, and the relevant portions of the file, agrees with the recommended disposition contained in the R & R.

In his objections, petitioner objects to the Magistrate Judge's conclusions with respect to both of his claims, ineffective assistance of counsel and double jeopardy. Petitioner's objection to the Magistrate Judge's conclusion regarding his claim of ineffective assistance of counsel is without merit and warrants no further discussion other than that contained in the R & R. However, with respect to his double jeopardy claim, petitioner argues that the

Magistrate Judge erred in concluding that the Michigan Court of Appeals' determination was neither contrary to nor involved an unreasonable application of clearly established federal law. More specifically, petitioner contends that the Michigan Court of Appeals disregarded the applicable federal law of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180 (1932).

In determining whether a defendant has been punished twice for the "same offense," the Supreme Court has long applied the rule set forth in Blockburger. Rutledge v. United States, 517 U.S. 292, 297, 116 S.Ct. 1241, 1245 (1996). Under Blockburger, "[i]f 'the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.'" Rutledge, 517 U.S. at 297, 116 S.Ct. at 1245 (citation omitted). In other words, two provisions are not the "same offense," according to Blockburger, if each contains an element not included in the other. Hudson v. United States, 522 U.S. 93, 107, 118 S.Ct. 488, 497 (1997); see also Lewis v. United States, 523 U.S. 155, 182, 118 S.Ct. 1135, 1150 (1998) ("Under Blockburger, we examine whether '[e]ach of the offenses created requires proof of a different element.' . . . In other words, does 'each provision requir[e] proof of a fact which the other does not'?") (citation omitted). The Blockburger test "focuses on the proof necessary to prove the statutory elements of each offense, rather than on the actual evidence to be presented at trial." Illinois v. Vitale, 447 U.S. 410, 416, 100 S.Ct. 2260, 2265 (1980). In addition to examining the statutory elements of each offense, proper analysis of a double jeopardy claim requires the court to examine the specific charges brought against the defendant

by the prosecution.  See Garrett v. United States, 471 U.S. 773, 786, 105 S.Ct. 2407, 2415 (1985) (successive prosecution issue requires court to examine both the statute at issue and the charges which form the basis of the government's prosecution).

The court concludes that, notwithstanding her failure to address Blockburger, the Magistrate Judge was correct in her analysis of petitioner's double jeopardy claim.  The R & R concludes that "Petitioner was not subjected to multiple punishments for a single criminal act, but was instead subjected to multiple punishments for *multiple* criminal acts."  R & R at 11.  As the Michigan Court of Appeals noted, although petitioner's offense of armed robbery was complete when Lopez turned over his money, petitioner then proceeded to point the gun at Lopez and pull the trigger twice before leaving the residence.  Therefore, no "same offense" analysis is warranted.  See Blockburger, 284 U.S. at 301-303, 52 S.Ct. at 181-182 (sales of narcotics made to the same person but at different times were separate and distinct where the first transaction had come to an end before the next sale, which was not the result of the original impulse but rather a fresh one).

However, petitioner's double jeopardy challenge fails even under the more extensive analysis he urges should have been performed.  Petitioner's double jeopardy claim is limited to his convictions for both armed robbery and felonious assault.  The information charging petitioner with these offenses, as read by the trial judge, alleged in pertinent part as follows:

> . . . that Keith Foster did assault a certain person, to-wit:  Reynoldo Lopez, being armed with a dangerous weapon . . . to-wit: a handgun, and did then and there feloniously rob, steal, and take from the person of said victim or in his

3

> presence certain property, namely money . . . This is the offense which is known as 'robbery armed.'

> \* \* \*

> . . . Brian Keith Foster did make an assault upon Reynoldo Lopez with a dangerous weapon, to-wit: A handgun, without intending to commit the crime of murder or inflict great bodily harm less than the crime of murder . . . This is the offense known as 'assault with a dangerous weapon.'

Trial Transcript, Oct. 23, 2000, 33-34.[1]

As the Magistrate Judge correctly noted, Michigan courts have identified the elements of the offense of armed robbery as "(1) an assault and (2) a felonious taking of property from the victim's person or presence (3) while the defendant is armed with a dangerous weapon described in the statute." People v. Norris, 236 Mich. App. 411, 600 N.W.2d 658, 660 (1999). Armed robbery is a specific intent crime which requires proof that the defendant intended to permanently deprive the victim of his property. People v. Parker, 230 Mich. App. 337, 584 NW2d 336, 340 (1998).

Felonious assault is also a specific intent crime. People v. Robinson, 145 Mich. App. 562, 378 N.W.2d 551, 552 (1985). However, in contrast with the offense of armed robbery, the elements of felonious assault are "(1) an assault  (2) with a dangerous weapon, and  (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." People v. Avant, 235 Mich. App 499, 597 NW2d 864, 869 (1999). Therefore, "to convict a defendant of felonious assault, the prosecution must, among other elements, prove that the defendant either

---

[1] In Michigan, felonious assault is also called assault with a dangerous weapon. E.g., People v. Stinnett, 163 Mich. App. 213, 413 N.W.2d 711, 712 (1987).

intended to injure the victim or intended to put the victim in reasonable apprehension of an immediate battery or injury." People v. Strong, 143 Mich. App. 442, 372 N.W.2d 335, 339 (1985). This is an element not required to convict a defendant of armed robbery. Conversely, an armed robbery conviction requires proof of an intent to permanently deprive the victim of property – an element not required to prove felonious assault. Because each offense requires proof of an element not required by the other, the crimes are not considered the same, a double jeopardy challenge necessarily fails even under Blockburger's "same offense" analysis. See Robertson v. Morgan, 227 F.3d 589, 593 -594 (6th Cir. 2000) (no double jeopardy violation occurred despite convictions for felonious assault and aggravated robbery under Ohio law, where felonious assault contained the element of knowledge in causing physical harm and aggravated robbery contained the element of theft; each offense required proof of an element the other did not).

Judgment will be entered accordingly.

Entered this 8th day of November, 2006.

    /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge